| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DARRYL DEWAYNE EDWARDS,  §
　　　　　　　　　　　　　　　§
　　　　　Movant,　　　　　　 §
　　　　　　　　　　　　　　　§
*versus*　　　　　　　　　　　§　　CIVIL ACTION NO. 1:11-CV-182
　　　　　　　　　　　　　　　§
UNITED STATES OF AMERICA, 　§
　　　　　　　　　　　　　　　§
　　　　　Respondent.　　　　 §

## ORDER ADOPTING THE MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

Movant Darryl Dewayne Edwards, a federal prisoner, proceeding *pro se*, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommended denying the Motion. Movant was granted an extension of time to file objections, but neither party filed objections to the report and recommendation.

Instead of filing objections, Movant filed two motions to amend the pleadings. Movant requests leave to add claims arising under *Descamps v. United States*, 570 U.S. 254 (2013), and *Alleyne v. United States*, 570 U.S. 99 (2013). Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure apply to § 2255 motions, as long as they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Therefore, Movant's ability to amend the Motion to Vacate Sentence is governed by Rule 15 of the Federal Rules of Civil Procedure. *United States v. Saenz*, 282 F.3d 354, 355 (5th Cir. 2002).

Because the government had served a responsive pleading, Movant may only amend by leave of court or with the government's written consent. FED. R. CIV. P. 15(a)(2). The government has not consented to the proposed amendments in writing. As a result, Movant requires leave of court to amend. In determining whether to grant leave to amend, the court must consider the following factors: 1) whether permitting the pleading will cause undue delay in the proceedings or undue prejudice to the nonmovant, 2) whether the movant is acting in bad faith or with a dilatory motive, 3) whether the movant has previously failed to cure deficiencies by prior pleadings, or 4) if the proposed pleading is futile because it adds nothing of substance to the original pleadings or is not germane to the original cause of action. *United States ex rel. Willard v. Humana Health Plan*, 336 F.3d 375, 386-87 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

There is no indication that Movant acted in bad faith, or that granting leave to amend would cause the government undue prejudice. Nevertheless, it would be futile to allow Movant to amend because the new grounds for review would be barred by the statute of limitations. Movant relies on the Supreme Court's decisions in *Descamps* and *Alleyne*, but his motions to amend were filed more than one year after those cases were decided. An amended pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading. FED. R. CIV. P. 15(c). Claims raised in an amended pleading do not relate back merely because they challenge the same conviction and sentence. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In this instance, Movant is attempting to raise new claims that do not relate back to the original pleadings. Accordingly, Movant should be denied leave to amend his Motion to Vacate Sentence.

The court received and considered the Report and Recommendation of United States Magistrate Judge pursuant to such referral, along with the record, pleadings and all available evidence. After careful review, the court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct.

**ORDER**

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct, and the Report and Recommendation of United States Magistrate Judge (#19) is **ADOPTED**. Movant's Motions to Amend (#26 and #27) are **DENIED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

Furthermore, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the motion was denied on procedural grounds, the movant must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the

denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Movant has failed to make a sufficient showing to merit the issuance of a certification of appealability.

SIGNED at Beaumont, Texas, this 11th day of September, 2025.

                                             MARCIA A. CRONE
                                      UNITED STATES DISTRICT JUDGE